1 | DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

3 | HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4 | CASEY BOOME (NYBN 5101845)
Assistant United States Attorney

5

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6627

7 | FAX: (415) 436-7234
Email: casey.boome@usdoj.gov

8

Attorneys for United States of America

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13

UNITED STATES OF AMERICA, | CASE NO. CR 19-604-RS-1

14

Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM**

15

v.

16 | Date: December 7, 2020
Time: 2:00 p.m.

17 | ISMAEL GARCIA, a/k/a "Playboy",

Hon. Richard Seeborg

18 | Defendant.

19

20

21 | **I.     INTRODUCTION**

22 | On December 7, 2020, defendant Ismael Garcia will appear before this Court to be sentenced

23 | after his pleas of guilty to seven counts of firearm and drug trafficking charges alleged in the Indictment.

24 | For the reasons set forth below, the government recommends that the Court sentence the defendant

25 | consistent with the low-end of the applicable Guidelines range: 262 months of imprisonment to be

26 | followed by five years of supervised release.

27 | //

28 | //

1

## II.     OFFENSE CONDUCT

The Presentence Investigation Report ("PSR") accurately describes the offense conduct. *See* PSR ¶¶ 8-28.

## III.    APPLICABLE MANDATORY MINIMUM AND GUIDELINES RANGE

Count one of the Indictment alleges a violation of 21 U.S.C. §§ 846; 841(a)(1)(A) and (b)(1)(A), conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, which carries a 10-year mandatory minimum prison sentence. PSR ¶ 116. Counts two through four allege separate violations of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(B), distribution of 50 grams or more of methamphetamine, which carries a five-year mandatory minimum sentence. *Id.*

The government agrees with the Guidelines calculation set forth in the PSR, which determines that the defendant is subject to the Career Offender provision of U.S.S.G § 4B1.1, resulting in a total offense level of 34. *See* PSR ¶¶ 32-56. The defendant's 16 criminal history points would place him in Criminal History Category (CHC) VI even without the operation of the Career Offender provision, which automatically places career offenders into CHC VI regardless of their criminal history score. *See* PSR ¶¶ 67-69; U.S.S.G. § 4B1.1(b). The resulting applicable Guidelines range is 262 to 327 months of incarceration.[1] PSR ¶ 116.

## IV.    SENTENCING RECOMMENDATION

In this case, the defendant sold or orchestrated the sale of five illegal firearms, including one machine gun, and three pounds of methamphetamine, all while on post-release community supervision (PRCS) pursuant to 2014 Santa Clara County convictions for gun possession and drug trafficking. *See* PSR ¶ 66. The offenses of conviction here, together with the defendant's substantial criminal history and abysmal record of compliance with community supervision, demonstrate the need for this Court to impose a sentence that will reflect the seriousness of the offenses and protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a)(2)(A) and (C).

---

[1] The government notes one minor error in the calculation of the natural (non-Career Offender) offense level at paragraphs 50-52 of the PSR. Paragraph 50 should indicate that the most serious group of counts has an offense level of 32, rather than 34. Therefore, the natural combined adjusted offense level in paragraph 52 should be 34, rather than 36. This error did not affect the applicable total offense level or applicable Guidelines range because the defendant is subject to the Career Offender Guidelines.

There can be no doubt that the defendant's proliferation of illegal guns and methamphetamine amounts to a serious offense that harms public health and safety. Indeed, "[a]ddiction to [methamphetamine] is both a public health and public safety issue in the U.S." *United States v. Montoto*, 2015 WL 7272219, at *1 (S.D. Cal. Nov. 17, 2015). Methamphetamine traffickers "share responsibility for the dismal tide of ill effects that flow with methamphetamine into our community and our country." *Id.* Furthermore, the danger posed to the community by the combination of drug trafficking and firearms has been well-established. *See United States v. Daychild*, 357 F.3d 1082, 1100 (9th Cir. 2004) (approving detention due to defendant's possession of firearms and stating that the "danger posed to the public by armed conspirators who traffic in illicit drugs is too plain to permit dispute.").

The defendant's criminal history clearly shows that community supervision and lesser periods of incarceration have been insufficient to protect the public from the defendant's criminal activity. Since 2004, the defendant has sustained at least five felony convictions, including first degree burglary (2008 – PSR ¶ 63), possession of a controlled substance for sale while armed with a firearm (2014 – PSR ¶ 66), and possession or transportation of a controlled substance for sale (2006 – PSR ¶ 61; 2007 – PSR ¶ 62; and 2012 – PSR ¶ 65). As his criminal conduct has escalated over the years, state courts have responded by sentencing the defendant to escalating jail and prison sentences: four months for a felony drug offense in 2006 (PSR ¶ 61); eight months for a felony drug offense in 2007 (PSR ¶ 62); two years for first degree burglary in 2008 (PSR ¶ 63); four years for a felony drug offense in 2012 (PSR ¶ 65); and, most recently, eight years for possession of drugs for sale while armed with a firearm in 2014 (PSR ¶ 66).

After reviewing the defendant's entire criminal history, the government is unable to find a single instance in which the defendant successfully completed a term of probation, parole, or PRCS. *See* PSR ¶¶ 58-66. This includes the term of PRCS that the defendant was serving at the time of the offenses that led to his pleas of guilty in this case. Indeed, after serving his prison sentence pursuant to his 2014 Santa Clara County drug and firearm conviction, the defendant was released to PRCS on November 13, 2018. PSR ¶ 16. Exactly seven months later, on June 13, 2019, the defendant sold a Glock-style

3

machine gun to a DEA undercover agent. PSR ¶ 12. The defendant's history demonstrates conclusively that he will continue to commit crimes when he is not incarcerated. For this reason, the government submits that a 262-month sentence is required to protect the public from future crimes. The government does not recommend such a substantial sentence lightly. The defendant's track record, however, deprives the government and this Court of any basis to conclude that the defendant will not continue to endanger the public upon his release.

## V.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a prison term at the low-end of the Career Offender Guidelines range: 262 months on counts one through four, 60 months on count six, and 120 months on counts seven and eight—all to be served concurrently.

DATED: November 30, 2020                                Respectfully Submitted,

DAVID L. ANDERSON
United States Attorney


            */s/ Casey Boome*
CASEY BOOME
Assistant United States Attorney

4